UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BARBARA KNIGHT AND MARSHALL KNIGHT | CIVIL ACTION |
| VERSUS | NO. 06-11164 |
| KELLOG BROWN & ROOT, INC., R.L. BRUMFIELD, TOM JENSEN AND XYZ INSURANCE COMPANY | SECTION "N"  (5) |

**ORDER AND REASONS**

Presently before the Court is Plaintiffs' Motion for Remand (Rec. Doc. No. 3). As stated herein, **IT IS ORDERED** that the motion is **DENIED**.

**BACKGROUND**

Plaintiffs filed suit against Defendants in Louisiana state court on November 8, 2006. Plaintiff Barbara Knight alleges that she was injured while attempting to board a commuter vehicle provided by Chalmette Refining, L.L.C. Specifically, she alleges that, as she was walking toward the commuter vehicle, her foot caught on a piece of pipe sticking out from the driveway located at or near the Paris Road entrance to the Chalmette refinery. Defendants bear legal responsibility for her injuries, alleges Ms. Knight, because they negligently failed to (1) properly remove all of the fencing alongside the refinery entrance, (2) properly grade the area; (3) properly inspect the area,

and (4) remove the remaining piece of pipe.[1]

Asserting diversity of citizenship subject matter jurisdiction, Defendant Kellogg Brown & Root, Inc. removed the action to this Court on December 19, 2006. Plaintiffs filed their motion to remand on February 7, 2007. In that motion, Plaintiffs, who are citizens of Louisiana, contend that removal was inappropriate because (1) Defendants R.L. Brumfield and Tom Jensen did not join in the removal by Kellogg Brown& Root, Inc., and (2) because Mr. Brumfield and Mr. Jensen have not been shown to be diverse. In particular, Plaintiffs suggest that Mr. Brumfield actually resides in Baton Rouge, Louisiana. Plaintiffs base this assertion on an internet search of Baton Rouge, Louisiana, phone listings that reveals a listing for a "R.L. Brumfield." *See* Exhibit A to Plaintiffs' Memorandum in Support of Motion to Remand.

## **LAW AND ANALYSIS**

In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. *See, e.g., Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Generally, a defendant may remove a civil action filed in state court if the federal district court would have had original jurisdiction over the action as of the time of removal. *See* 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C.§ 1332, federal courts have original jurisdiction over all civil actions that are between citizens of different states and the matter in controversy exceeds $75,000, exclusive of interests and costs. Under § 1332, complete diversity must exist, *i.e.* the citizenship of every plaintiff must be diverse from the

---

[1] Plaintiff Marshall Knight's alleged injuries are derivative of those allegedly suffered by Ms. Knight.

citizenship of every defendant.  *Strawbridge v. Curtiss*, 7 U.S. Cranch 267 (1806).

The burden of establishing the existence of federal jurisdiction rests with the removing party.  *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).  In cases where the plaintiff's petition does not specify an amount in controversy, such as this one, the Fifth Circuit has established a framework for evaluating the jurisdictional amount for purposes of diversity jurisdiction.  Specifically, the removing defendant can meet its burden of proving that the amount in controversy has been met by showing (1) that it is "facially apparent" from the petition that the amount in controversy likely exceeds the jurisdictional amount, or by (2) "setting forth the *facts* in controversy . . . that support a finding of the requisite amount."  *Luckett v. Delta Airlines, Inc.* 171 F.3d 295, 298 (5th Cir. 1999) (quoting *Allen*, 63 F.3d at 1335).  Once the removing party has met this burden, the plaintiff must then show with legal certainty that his recovery will not meet the jurisdictional amount.  *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

Applying these principles to the facts revealed by the parties' submission, the Court finds that remand should be denied in this instance.  First, the affidavits from Mr. Jensen and Mr. Brumfield provide sufficient evidence of their Texas citizenship.  *See* Exhibits C and E to Kellogg Brown & Root, Inc.'s Opposition to Plaintiffs' Motion to Remand.  Specifically, Mr. Jensen's affidavit (1) provides a Houston, Texas home address; (2) states that he has resided there since June 10, 2005 and that he intends to make it his permanent residence; (3) indicates that he has had a Texas driver's license since February 2006; and (4) asserts that he is registered to vote in Texas.  Similarly, Mr. Brumfield's affidavit (1) provides a Sugar Land, Texas home address; (2) states that he has resided there since 1989, and that he intends to make that his permanent address; (3) indicates that he has had a Texas driver's license since 1975; and (4) asserts that he is registered to

vote in Texas. Mr. Brumfield also denies that he is the "R.L. Brumfield" reflected in Exhibit A to Plaintiffs' Memorandum in Support of Motion to Remand. This relevant and persuasive evidence is not overcome by a speculative assertion of Louisiana citizenship on the part of Mr. Brumfield that rests solely on a phone listing for a "R.L. Brumfield" in Baton Rouge, Louisiana. Thus, the Court is satisfied that Mr. Jensen and Mr. Brumfield, like Defendant Kellogg Brown& Root, Inc., are diverse in citizenship to Plaintiffs.

Second, that Mr. Jensen and Mr. Brumfield did not join in Kellogg Brown & Root, Inc.'s removal to this Court does not render the removal improper. As revealed by Exhibits A and B to Kellogg Brown & Root, Inc.'s Opposition to Plaintiffs' Motion to Remand, Mr. Jensen and Mr. Brumfield were not properly served prior to removal. Thus, their consent to removal was not required. *See, e.g., Miranti v. Lee*, 3 F.3d 925, 929 (5th Cir. 2003); *Jones v. Houston Inde. School Dist.*, 979 F.2d 1004, 1007 (5th Cir. 1992); *Morovich v. State Farm Fire & Cas. Ins. Co.*, No. 06-8895, 2007 WL 1259217, *1 n.1 (E. D. La. April 30, 2007).

In any event, Plaintiffs waived any objection to the absence of the individual defendants' consent when they did not file a motion to remand within thirty days of the removal. *See* 28 U.S.C. § 1447(c) ("motion to remand on the basis of any defect other than the lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal); *Johnson v. Helmerich & Payne, Inc.*, 892 F.2d 422, 423 (5th Cir. 1990) (failure of all defendants to join in removal is not jurisdictional defect); *Kaminetzky v. Mission Bend No. 5 Home Ass'n,* No. H-06-0185, 2006 WL 3805657, * 3 (S. D. Tex. Dec. 12, 2006) (by not timely filing motion to remand Plaintiffs waived objection to failure of defendant to join in removal by written consent); *Shields v. Bridgestone Firestone North American Tire*, No. EP-05-CA-374-PRM, 2005 WL 3115463, *1

n.1  (W.D. Tex. Nov. 18, 2005) (same).

Finally, Plaintiffs have not contested that the jurisdictional amount is satisfied in this case.  In any event, given Ms. Knight's assertion regarding her injuries, including the necessity of two surgeries, implantation of hardware and screws, physical therapy, mental anguish, and a resulting permanent disability,  the Court find that it is "facially apparent" from the petition that the amount in controversy likely exceeds the jurisdictional amount.

## CONCLUSION

For the reasons stated herein, **IT IS ORDERED** that Plaintiffs' Motion for Remand (Rec. Doc. No. 3) is **DENIED**. Given the denial of remand, **IT IS FURTHER ORDERED** that Plaintiffs' request for attorney's fees, pursuant to 28 U.S.C. §1447(c) is **DENIED**.

New Orleans, Louisiana, this   6th   day of August 2007.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**