UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BARBARA KNIGHT AND MARSHALL KNIGHT | CIVIL ACTION |
| VERSUS | NO. 06-11164 |
| KELLOGG BROWN & ROOT, INC., R.L. BRUMFIELD, TOM JENSEN AND XYZ INSURANCE COMPANY | SECTION "N" (5) |

## ORDER AND REASONS

Presently before the Court is a motion for summary judgment filed by Defendant Kellogg Brown & Root, Inc. ("KBR") (Rec. Doc. No. 26). As stated herein, **IT IS ORDERED** that the motion is **GRANTED** and that Plaintiffs' claims against KBR are **DISMISSED WITH PREJUDICE**.

## BACKGROUND

Plaintiff Barbara Knight alleges that she was injured, on November 9, 2005, when she tripped while attempting to board a commuter vehicle at the Chalmette Refining, L.L.C. refinery. In her November 28, 2007 deposition, Ms. Knight explained that she tripped on a pothole in the road that had a raised "cement lip."[1] She added that there may have been a "piece of pipe in the pothole."[2] Ms. Knight's petition alleges that KBR bears legal responsibility for her injuries

---

[1] *See* Deposition of Barbara Knight, Exhibit A to KBR's memorandum in support of motion for summary judgment (Rec. Doc. No. 26-3) at p. 23.

[2] *Id.*

because it negligently failed to (1) properly remove all of the fencing alongside the refinery entrance, (2) properly grade the area; (3) properly inspect the area, and (4) remove the remaining piece of pipe.[3]

In their July 24, 2008 supplemental opposition to KBR's motion for summary judgment (Rec. Doc. No. 51), Plaintiffs further explain their claims:

> While exiting, Complainant's [Ms. Knight's] shoe caught a pipe/concrete lip causing her to fall in the street and injure her hand and knees. . . . Complainants allege that Kellogg, Brown, and Root were negligent because they had a duty to maintain and/or repair the area where Complainant fell. Complainant has attached exhibits A, B, C, D, E, and F showing that KBR had a project no. 7859 which shows they were in fact contracted to do concrete slab removal as well as demo and disposal of concrete fences in the area in question. The facts show that this work was not a maintenance contract but a new construction. This does not change the fact that KBR did the work and was responsible for the manner in which the work was accomplished.[4]

## LAW AND ANALYSIS

**I.   Summary Judgment Standard**

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56 (c). The materiality of facts is determined by the substantive law's identification of which facts are critical

---

[3]   *See* Petition (Rec. Doc. No. 1-2) at ¶VIII. Plaintiff Marshall Knight's alleged injuries are derivative of those asserted by Ms. Knight.

[4]   *See* Plaintiffs' supplemental memorandum in opposition to Defendant's motion for summary judgment (Rec. Doc. No. 51) at p. 2.

and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed.2d 202 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(c), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324, 106 S. Ct. 2553; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed.2d 538 (1986); *Auguster v. Vermillion Parish School Bd.,* 249 F.3d 400, 402 (5th Cir. 2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana,* 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.,* 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (citations omitted). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *See id.* (emphasis in original) (citing

*Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888, 110 S. Ct. 3177, 3188, 111 L. Ed.2d 695 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court."). Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little,* 37 F.3d at 1075. Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

**II.     Application**

To prevail against KBR's motion for summary judgment, Plaintiffs must establish the existence of a genuine issue of material fact as to KBR's alleged duty of care relative to the area of the refinery where Ms. Knight's accident occurred. Otherwise, they cannot satisfy their burden of proof regarding an essential element of their negligence claims as required by Rule 56.

Relative to this issue, KBR has submitted the affidavits of Todd Morse, Project and/or Site Manager for KBR, and Eli Williams, Superintendent of the Buildings and Grounds

Division of KBR, in support of its motion.[5] These individuals attest that KBR is an independent contractor hired to do supplemental maintenance at the Chalmette refinery.[6] Mr. Morse attests that any and all maintenance or repair work done by KBR at the refinery is performed only at the direction of Exxon/Mobil and only upon the issuance of a work order.[7] Mr. Morse and Mr. Williams additionally contend that the area where Ms. Knight's accident occurred was under the care, custody, and control of Exxon/Mobil during their job tenures, and that KBR bore no responsibility for the upkeep, maintenance, or repair of the road in question.[8] Mr. Williams confirms that he would have been aware, given his job position, of any and all maintenance and repair jobs undertaken by KBR with the respect to the situs of Ms. Knight's accident during his years of employment.[9]

Additionally, according to Mr. Morse and Mr. Williams, to the best of their knowledge, KBR did not tear down any part of a fence or cut down any fence posts in the area in question.[10] Rather, Mr. Williams contends that any such work in that area would have been done

---

[5] *See* Exhibits B ("Morse Affidavit") and C ("Williams Affidavit") to KBR's memorandum in support of motion for summary judgment (Rec. Doc. No. 26-3); *see also* Deposition of Richard Todd Morse, Exhibit E to Plaintiffs' supplemental memorandum in opposition to Defendant's motion for summary judgment (Rec. Doc. No. 51- 3) at pp. 25-38.

[6] *See* Morse Affidavit at ¶2.

[7] *Id.* at ¶4

[8] *See* Morse Affidavit at ¶¶6-9; Williams Affidavit at ¶¶7-8.

[9] *See* Williams Affidavit at ¶¶6. Mr. Williams works under Mr. Morse's direction. *See* Morse Affidavit at ¶3.

[10] *See* Morse Affidavit at ¶5; Williams Affidavit at ¶4

by another independent contractor, Performance Contractors.[11]  These KBR personnel further attest that, to the best of their knowledge, Exxon/Mobil never instructed KBR to remove fencing or fence posts, or to fix any potholes in the road, in the accident area.[12]

Attempting to controvert Mr. Morse's and Mr. Williams's explanation of KBR's role at the Chalmette refinery in general, and lack of responsibility at the accident site in particular, Plaintiffs have attached Ms. Knight's affidavit and several different documents to their original and supplemental opposition memoranda.[13]  These submissions, however, are not sufficient to satisfy Plaintiffs' obligations under Rule 56.

Specifically, Plaintiffs contend that documents attached as Exhibits A and B to their opposition memorandum show that KBR undertook "Project Number 7859," which they urge involved concrete slab removal and demolition and removal of concrete fences in the area of Ms. Knight's accident.  Even *if* these documents would create a fact issue relative to the issue of any duty owed by KBR, the Court finds that Plaintiffs have not adequately demonstrated the authenticity of

---

[11]  *See* Williams Affidavit at ¶5

[12]  *See* Morse Affidavit at ¶¶ 7-9;  Williams Affidavit at ¶8.  Indeed, upon being deposed, Mr. Morse testified that KBR had not done any work on the refinery grounds in the area of Gate 3 or Building 4 from August 2003 through the date of Ms. Knight's November 2005 accident.  *See* Deposition of Richard Todd Morse, Exhibit E to Plaintiffs' supplemental memorandum in opposition to Defendant's motion for summary judgment (Rec. Doc. No. 51-3) at pp. 30-32.  Mr. Williams testified that, as long has he has been in charge of the maintenance department, KBR has not done maintenance or repair work on fences or roads in the area of Gate 3 where Ms. Knight's accident occurred.  *See* Deposition of Elijah A. Williams, Exhibit F to Plaintiffs' supplemental memorandum in opposition to Defendant's motion for summary judgment (Rec. Doc. No. 51-4) at pp. 30-32.

[13]  *See* Exhibits A and B to Plaintiffs' memorandum in opposition to Defendant's motion for summary judgment (Rec. Doc. No. 31-2 and 31-3);  Exhibit D (Ms. Knight's Affidavit) to Plaintiffs' supplemental memorandum in opposition to Defendant's motion for summary judgment (Rec. Doc. No. 51-2).

these documents or the applicability of an exception to the hearsay rule.

Ms. Knight appears to allege that she obtained the documents from an unidentified person working in or with access to files of Exxon/Mobil's Department of Maintenance and Engineering. The documents are not accompanied, however, by an affidavit or certification from someone in that department, or another undisputedly qualified person, as required by Rule 803(6) of the Federal Rules of Evidence. Nor were they produced in response to a subpoena issued to Exxon/Mobil. Although Ms. Knight belatedly submitted her own affidavit relative to the documents, there is no showing that she, an Exxon/Mobil lab employee, is competent to testify to maintenance, repair, or new construction contracts at the refinery, or that she is qualified to authenticate the records and satisfy the requirements of Rule 803(6).

Finally, neither Mr. Morse nor Mr. Williams, in their depositions, provided testimony from the perspective of KBR, rather than Exxon/Mobil, sufficient to render these documents admissible.[14] Arguably recognizing the "general form" of the documents, as urged by Plaintiffs, is not enough.

In addition to the evidentiary problems existing with these documents, Plaintiffs have not put forth admissible, related evidence explaining the substance of these documents - which consist primarily of cryptic and very small text and diagrams that are difficult to decipher, much less interpret - so as to properly connect them to the situs of Ms. Knight's accident and KBR's alleged duties regarding that area. Once again, Ms. Knight's affidavit does not demonstrate her competence

---

[14] The record does not reflect an attempt by Plaintiffs to conduct a deposition of either KBR or Exxon/Mobil relative to these documents pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, or the issuance of a subpoena to Exxon/Mobil.

to address these matters. Nor, moreover, does the deposition testimony of either Mr. Morse or Mr. Williams fulfill this requirement.

Finally, the Court is not persuaded by Plaintiffs' efforts to capitalize upon Mr. Morse's and Mr. Williams' testimony that they would not have handled or been involved in any "new construction" projects, as opposed to "maintenance or repair" projects, conducted prior to and in the area where Ms. Knight's accident occurred. Plaintiffs have offered nothing more than Ms. Knight's inadequate affidavit and speculation that the documents offered by Plaintiffs address a "new construction" project that actually was agreed to by KBR and Exxon/Mobil for the specific area of the refinery in question. Rule 56 of the Federal Rules of Civil Procedure requires the submission of admissible evidence sufficient to create a genuine issue of material fact, not speculation by plaintiffs and/or the Court.

## CONCLUSION

For the reasons stated herein, Plaintiffs have failed to satisfy their summary judgment burdens under Rule 56 of the Federal Rules of Civil Procedure. Accordingly, **IT IS ORDERED** that Defendant KBR's motion for summary judgment is **GRANTED**. **IT IS FURTHER ORDERED** that Plaintiffs' claims against KBR are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 1st day of August 2008.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**