UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BARBARA KNIGHT AND MARSHALL KNIGHT | CIVIL ACTION |
| VERSUS | NO. 06-11164 |
| KELLOGG BROWN & ROOT, INC., R.L. BRUMFIELD, TOM JENSEN AND XYZ INSURANCE COMPANY | SECTION "N" (5) |

## ORDER AND REASONS

Presently before the Court is a "Motion for New Trial" filed by Plaintiffs Barbara and Marshall Knight (Rec. Doc. No. 69). As stated herein, **IT IS ORDERED** that the motion is **DENIED**.

On August 1, 2008, the Court granted a motion for summary judgment in favor of Defendant Kellogg, Brown, and Root ("KBR") and against Plaintiffs. A final judgment was entered on August 7, 2008 (Rec. Doc. No. 66). Plaintiffs' instant motion for new trial essentially asks the Court to reconsider and set aside the adverse summary judgment ruling that dismissed their claims against KBR.

As this Court has frequently explained with respect to such motions:

> "In the Federal Rules of Civil Procedure there is no 'motion for reconsideration' in *haec verba. Harrington v. Runyon,* 98 F.3d 1337, at *1 (5th Cir.1996) (citing *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir.1990)). "Any motion termed as such will be treated as either a motion to alter or amend the judgment under Rule 59(e) or a motion for relief from judgment under Rule 60(b)." *Id.*
> If a motion for reconsideration is filed within ten days of the entry of

> the order or judgment being challenged, "it will be treated as a 59(e) motion; if it is filed after ten days, it will be treated as a 60(b) motion." *Id.* (citing *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 288 (5th Cir.1989); *Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 667-69 (5th Cir.1986)).
>
> A Rule 59(e) motion "calls into question the correctness of a judgment." *Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp. (In re Transtexas Gas Corp.*), 303 F.3d 571, 581 (5th Cir. 2002). It is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment, *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990), but instead "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir.1989). A district court has "considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration under" Rule 59(e). *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir.1990). There are considerations that limit this discretion, however: (1) the need to bring litigation to an end and (2) the need to render just decisions on the basis of all of the facts. *Id.*
>
> "Generally, there are four grounds upon which a Rule 59(e) motion can be granted: (1) to correct manifest errors of law or fact upon which judgment is based, (2) the availability of new evidence, (3) the need to prevent manifest injustice, or (4) an intervening change in controlling law." *Peterson v. Cigna Group Ins.*, No. Civ.A. 99-2112, 2002 WL 1268404, at *2 (E.D. La. June 5, 2002) (Duval, J.)

*See Stanley ex rel Bankrupcty Estate of Gary Eugene Hale v. Trinchard*, Civ. Action No. 02-1235, 2008 WL 3975628, *1-2 (E.D. La. 8/26/08) (Africk, J.); *see also A.M.C. Liftboats, Inc. v. Apache Corp.*, Civ. Action No. 06-10543, 2008 WL 1988807, *1 (E.D. La. 5/05/08) (Engelhardt, J.).

Here, Plaintiffs have not shown that any of the aforementioned grounds for reconsideration exist. First, there has been no intervening change in the controlling law. Second, the Court disagrees that its prior opinion reflects any manifest error.

Specifically, given the nature of the asserted claims for relief, the Knights, as

plaintiffs, bear the burden of putting forth evidence establishing a triable issue as to the existence of facts imposing a duty of care on Defendant relative to the particular area of the Chalmette Refining, LLC refinery at which Ms. Knight allegedly was injured.[1] They, however, have not borne this burden. Rather, they have once again simply attached a collection of documents to their supporting memorandum, as Exhibit "C", without demonstrating the legal admissibility of the documents. Furthermore, they also have failed to provide - by means of competent affidavit or deposition testimony - a sufficient explanation of the substance of the documents and their relevance to this case. As previously stated, Rule 56 of the Federal Rules of Civil Procedure obligates the nonmoving party to "identify specific evidence in the record, and articulate" precisely how that evidence supports his [or her] claims. *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195 (1994).

Similarly, Plaintiffs have not shown that the documentation submitted in support of their present motion was not reasonably available to them prior to the Court's determination of the Defendant's summary judgment motion. Significantly, motions for reconsideration are not acceptable after-the-fact substitutes for the initial due diligence that Rule 56 requires of non-movants

---

[1] As explained in Defendant's memorandum: "If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim." *See Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Then, once the moving party carries its burden pursuant to Rule 56(c), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324, 106 S. Ct. 2553; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed.2d 538 (1986); *Auguster v. Vermillion Parish School Bd.,* 249 F.3d 400, 402 (5th Cir. 2001).

in opposing a motion for summary judgment.

Finally, given the foregoing, the Court does not find reconsideration of its prior ruling to be necessary to prevent manifest injustice. Plaintiffs were given ample opportunity to adequately demonstrate the existence of a genuine dispute regarding facts necessary to establish an essential element of their claim. They have simply failed to do so in a timely fashion. Under these circumstances, their failure is not legally excusable.

New Orleans, Louisiana, this 7th day of November 2008.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**